**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

XL SPECIALTY INSURANCE CO. a/s/o
PENOBSCOT BAY TRACTOR TUG CO. and
PENOBSCOT BAY TRACTOR TUG CO.,

                            Plaintiffs,

        -against-

Tugboat VIRGIE  CENAC, her engines, boilers,
tackle, furniture, apparel, etc. in *rem*; and
CAILLOU ISLAND TOWING CO. INC.
in *personam*,

                         Defendants

**CIVIL ACTION NO.**

**JUDGE:**

**MAG. JUDGE**:

**COMPLAINT IN ADMIRALTY**

Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333.

2.      Plaintiff, XL Specialty Insurance Company, is a corporation with a place of business located at 70 Seaview Avenue, Stamford, Connecticut, and is the subrogated underwriter of Penobscot Bay Tractor Tug Company.

3.      Plaintiff, Penobscot Bay Tractor Tug Company, was and is a business entity with a place of business located at 48 Marshall Wharf, Belfast, Maine and was, and is, the owner of the tugboat "FOURNIER BOYS".

4.      Defendant, Caillou Island Towing Company Inc., is a business entity with a place of

business located at 1211 Bayou Lacarpe Road, Houma, Louisiana and was, and still is, doing business in this jurisdiction and was and still is engaged in the business of providing commercial marine towing services.

5.      At all times relevant, Defendant Caillou Island Towing Co. Inc., was and is the owner, owner *pro hac vice*, charterer, manager and/or operator of the commercial tugboat "VIRGIE CENAC", official number 539304.

6.      At all material times, the tugboat VIRGIE CENAC was and is an oceangoing vessel engaged in commercial towing of vessel on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

7.      Plaintiffs brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the damages sustained to the tugboat FOURNIER BOYS,  as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

## FACTS

8.      In June 2018, Penobscot Bay Tractor Tug Company (hereinafter "Penobscot") hired Defendant, Caillou Island Towing Company Inc. (hereinafter "Caillou"), to provide towing services for its vessel, the tugboat FOURNEIR BOYS.

9.      Defendant, Caillou, was hired to tow the FOURNIER BOYS from Gulf Island Shipyard in Houma, Louisiana to the Cat Island Pass Sea Buoy.

10.     On June 12, 2019, at approximately 5:05 a.m., Caillou's tugboat, the VIRGIE CENAC arrived at Gulf Island Shipyard in Houma, Louisiana to tow the FOURNIER BOYS to the Cat Island Pass Seas Buoy.

11.      On June 12, 2019 at approximately 5:45 a.m., the tugboat VIRGIE CENAC took the

vessel FOURNIER BOYS under tow and commenced the voyage to the Cat Island Sea Buoy.

12.      On June 12, 2019, at approximately 12:00 p.m., the FOURNIER BOYS ran aground while being towed by the tugboat VIRGIE CENAC.

13.      The FOURNIER BOYS remained hard aground until 22:00 hours on June 12, 2019, at which time, the tugboat VIRGIR CENAC resume towing the vessel FOURNIER BOYS to the Cat Island Pass Sea Buoy.

14.      On June 12, 2019, at approximately 22:48 hours, the tugboat VIRGIE CENAC reached the Cat Island Pass Sea Buoy with the tugboat FOURNIER BOYS in tow.

15.      Upon reaching the Cat Island Pass Sea Buoy, the tugboat VIRGIE CENAC was released and the vessel FOURNIER BOYS commenced its voyage toward its intended destination, New England, USA.

16.      On or about June 16, 2019, while the vessel FOURNIER BOYS was off the coast of Key West, Florida en route to New England, the crew noticed the vessel was losing oil from the starboard thruster seal gravity tank. They drained the oil from the starboard thruster and observed water contamination of the gear oil.

17.      Upon discovering water contamination of the gear oil, the FOURNIER BOYS diverted course to the North Florida Shipyard in Jacksonville, Florida for inspection and repairs.

18.      The vessel FOURNIER BOYS arrived at the North Florida Shipyard on June 18, 2019 and was hauled out and dry docked on June 20, 2019.

19.      When the FOURNIER BOYS was hauled out of the water, inspection revealed various damages sustained to the vessel as a result of the grounding including, but not limited to, paint abrasion on the keels, the starboard thruster nozzle lower section, including the lower part of the framing, and the lower section of the port thruster nozzle.

20.     In addition to paint abrasions, the vessel sustained mud and sand contamination under the port and starboard thruster rope guards. The introduction of abrasive sand and mud into the seals caused the starboard thruster stern tube outer seals to fail and leak oil, in addition to other damage.

21.     At all times relevant, Plaintiff, XL Specialty Insurance Company, had issued a policy of hull insurance to Penobscot Bay Tractor Tug Company which was in full force and effect on the date of the grounding.

22.     Pursuant to the insurance coverage afforded to the Penobscot Bay Tractor Tug Company under the insurance policy, XL paid for the damages sustained to the vessel FOURNIER BOYS.

23.     As Plaintiff, XL, has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the Defendants, XL is subrogated, to the extent of its expenditures, to the rights of its insured, Penobscot Bay Tractor Tug Company, and brings this action in the name of its insured, and does so along with its insured, Penobscot Bay Tractor Tug Company, to recover monetary damages caused by the grounding.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

24.     Plaintiffs repeat and reiterate each and every allegation set forth at length in paragraphs 1 through 23, as if set for the herein.

25.     Penobscot Bay Tractor Tug Company contracted with Defendants to professionally, safely, and properly tow its vessel, FOURNIER BOYS, from Gulf Island Shipyard in Houma, Louisiana to the Cat Island Pass Sea Buoy.

26.     The Defendants failed to professionally, safely, and properly tow the FOURNIER BOYS from Gulf Island Shipyard in Houma, Louisiana to the Cat Island Pass Sea Buoy.

27.     The Defendants breach consisted of the following particulars, *among others*, which will be shown with specificity at trial: (a) the VIRGIE CENAC was manned by incompetent persons that were inattentive to their duties, (b) the VIRGIE CENAC failed to maintain control of her tow; (c) the Captain and mates failed to take into account the draft of the FOURNIER BOYS in relation to depth of the waters through which she was being towed; (d) the Captain and mates failed to use all available means of navigation to prevent the grounding; (e) the Captain and mates failed to keep to the right of the channel;  (f) the Captain and mates failed to take into account the tidal stages and levels that would be encountered during the voyage; (h) the persons in charge and/or those responsible for navigating the tugboat VIRGIE CENAC were negligent in other aspects which violate the standards of good towing and seamanship; and (i) the VIRGIE CENAC was unseaworthy.

28.     As a direct and proximate result of the foregoing, the Defendants caused the FOURNIER BOYS to run aground and, in so doing, breached the contract and caused the FOURNIER BOYS to sustain significant physical and mechanical damage.

29.     By reason of the foregoing, Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid although duly demanded, and which are presently estimated to be no less than $90,000.

## AS AND FOR A SECOND CAUSE OF ACTION
### NEGLIGENCE

30.     Plaintiffs repeat and reiterate each and every allegation set forth at length in paragraphs 1 through 29, as if set for the herein.

31.     At all times relevant, Defendants' had a duty to properly, professionally, and safely tow the FOURNIER BOYS.

32.     Defendants breached the duty owed by and through their negligent towing and in the following particulars, *among others*, which will be shown at the trial of this case: (a) the VIRGIE CENAC was manned by incompetent persons that were inattentive to their duties, (b) the VIRGIE CENAC failed to maintain control of her tow; (c) the Captain and mates failed to take into account the draft of the FOURNIER BOYS in relation to depth of the waters through which she was towed; (d) the Captain and mates failed to use all available means of navigation to prevent the grounding; (e) the Captain and mates failed to keep to the right of the channel;  (f) the Captain and mates failed to take into account the tidal stages and levels that would be encountered during the voyage; (h) the persons in charge and/or those responsible for navigating the tugboat VIRGIE CENAC were negligent in other aspects which violate the standards of good towing and seamanship; and (i) the VIRGIE CENAC was unseaworthy.

33.     As a direct and proximate result of the foregoing, Defendants caused the FOURNIER BOYS to run aground and suffer significant physical and mechanical damages.

34.      By reason of the foregoing, Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid although duly demanded, and which are presently estimated to be no less than $90,000.00.

**WHEREFORE**, Plaintiffs prays:

1.      *In rem* service of process be issued against the tugboat VIRGIE CENAC, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in them be cited to appear and answer under oath both all and singular the matters aforesaid;

2.      The tugboat VIRGIE CENAC, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of Plaintiffs;

3.      The Court order, adjudge and decree that Defendants, CAILLOU  ISLAND TOWING

COMPANY INC. and the tugboat VIRGIE CENAC, be found joint and severally liable and pay to

Plaintiffs the losses sustained herein, together with pre-judgment and post judgment interest thereon

and their costs; and,

4.      That this Honorable Court grant to Plaintiffs such other and further relief as may be

just and proper.

Dated:  New York, New York
        June 10, 2020


                        Respectfully submitted,

                        CASEY & BARNETT, LLC
                        Attorneys for Plaintiffs

            By:    /*s/ Gregory G. Barnett*
                    Gregory G. Barnett, Esq.
                    Christopher M. Schierloh Esq.(*Pro Hac Vice* forthcoming)
                    305 Broadway, Suite 1202
                    New York, New York 110007
                    Tel. (212) 286-0225