```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**PENOBSCOT BAY TRACTOR TUG CO.**                                    CIVIL ACTION

**VERSUS**                                                           NO. 20-1663

**TUGBOAT VIRGIE CENAC, HER ENGINES,**                               SECTION: "B"(3)
**BOILERS, TACKLE, FURNITURE, APPAREL,**
**ETC.** *IN REM*; **AND CAILLOU ISLAND**
**TOWING CO. INC.** *IN PERSONAM*

<u>**ORDER & REASONS**</u>

Upon equitable reconsideration of a previously issued order to strike and because both parties are found in violation of local rules by either filing late motions, failing to seek leave to reply, and/or failing to separately file motions for relief that are disguised in opposition memoranda, and upon finding no prejudice to either party by this reconsideration,

**IT IS ORDERED** that:

1. The order at record document 67 granting the motion to strike at record document 64 is **VACATED** and the reply memorandum at record document 63 and at issue in the latter motion will be reinstated as part of the record;

2. The motions to strike at record documents 64 and 66 are **DENIED**;

3. The pleadings filed at record documents 61, 62, 63, and 65 were considered in resolving the Bill of Costs filed at record document 61.

**Accordingly**, after due consideration of the entire record, applicable law and parties' memoranda, the following ruling is made in resolution of taxation of costs issues. Rec. Docs. 61-62.

Nonjury trial proceeded on a maritime tort claim brought by XL Specialty Insurance in the name of its insured, Penobscot, pursuant to a subrogation receipt. Rec. Docs. 62-4, 63-1, 63-2, 63-3. Judgment was eventually entered in favor of Penobscot Bay Tractor Tug Co., by and through its subrogated underwriter, XL Specialty Insurance Company, after a finding that all parties were equally at fault for the sued-upon grounding of Penobscot's tugboat "FOURNIER BOYS" by Caillou Island Towing Co., Inc's tugboat "VIRGIE CENAC." Rec. Doc. 60. While neither party prevailed on any contract claims, Penobscot successfully showed Caillou was equally at fault for damages arising from that tortious grounding.

Under the foregoing totality of circumstances and for purposes of Fed. R. Civ. P. 54(d)(1), Penobscot should be awarded $6,454.98 (50% of its $12,909.98 in taxable costs of litigation) to reflect overall limited success on an equitable basis as the prevailing party, and Caillou's request for an award for its costs should be denied. *Hall v. State Farm Fire & Cas. Co.,* 937 F.2d 210, 216 (5th Cir.1991); *Tempest Publ'g, Inc. v. Hacienda Recs. & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 717-26 (S.D. Tex. 2015).

New Orleans, Louisiana this 27th day of September, 2021

                                             _____
                                           SENIOR UNITED STATES DISTRICT JUDGE